IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

WILLIAM J. MELENDEZ SANCHEZ | CASE NO. 15-04556 (ESL)
DEBTOR | CHAPTER 13

DEBTOR'S MOTION OPPOSING U-PLAZA'S MOTION REQUESTING
ORDER UNDER 11 U.S.C. §362(b)(10)

COMES NOW PLAINTIFF WILLIAM J MELENDEZ SANCHEZ, represented by the undersigned attorneys, and very respectfully States and Prays the following:

1. Debtor William J. Meléndez Sanchez filed the Chapter 13 bankruptcy petition on June 16, 2015. The petition was filed pro se. **Docket #1.**

2. After the petition was filed, Debtor retained legal counsel.

3. On July 23, Creditor U-Plaza Inc. ("U-Plaza") filed Motion Requesting Order Under 11 U.S.C. §362(B)(10). **Docket #18**

4. The supporting documents for such Motion were filed in Spanish. **Docket #18**

5. Local Civil Rule 5(g) of the Local Rules of the United States District Court for the District of Puerto Rico States the following:

   "Translations
   All documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts. Certification by a federally-certified interpreter may be waived upon stipulation by all parties."

6. Documents filed by creditor U-Plaza fail to comply with Local Civil Rule 5(g). U-Plaza has not filed a certified translation of the documents submitted in **Docket #18.**

7. Not only did the Motion filed by U-Plaza fail to comply with Local Civil Rule 5(g), U-Plaza also failed to comply with Rule 9013-1(c) of the Local Bankruptcy Rules of the United States Court for the District of Puerto Rico. Rule 9013-1(c) states the following:

    "(c) <u>Required Response Time Language Must be Included on All Papers.</u>
    
    (1) <u>Usual Papers</u>. Adequate notice must be given to interested parties of the time to respond to every motion, application, or objection to exemption. Motions with a different response time are set forth in paragraph (2) below. This notice may be in single or double space, must be in at least 11 point type, and must contain language substantially similar to the following:

    **NOTICE**

    Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed withing the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise."

8. On July 27, 2015, Debtor filed, through undersigned counsel, the following documents: Summary of Schedules; Schedules A, B, C, D, E, F, G, H, I and J; Declaration Concerning Debtor's Schedules; Statement of Financial Affairs; Disclosure of Compensation of Attorney for Debtor; Verification of Creditor Matrix; Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period (Form 22C-1); Chapter 13 Calculation of Disposable Income (Form 22C-2); Notice to Consumer Debtors Under §342(b) of the Bankruptcy Code; and Certification of Notice to consumer Debtors Under §342(b). **Docket #22**

9. This filing should place Debtor in compliance with both Local and Federal Bankruptcy Rules.

10. The original Petition filed pro se by Debtor identifies U-Plaza, Inc. as a creditor. **Docket #1**

11. Schedule F lists the debt belonging to creditor U-Plaza Inc. as disputed and contingent. **Docket #22**

12. On April 14, 2014 Debtor entered a rental agreement with creditor and landlord U-Plaza in order to lease the lots for a sports bar and restaurant. The rental agreement is to last 3 years and 4 months, from May 1, 2014 until August 31, 2017. Landlord U-Plaza was represented by José Agrelot in this transaction. The property manager is Allied Management Group Inc., represented by Rafael Portela Rodriguez.

13. On June 1, 2014 Debtor entered a second rental agreement with landlord U-Plaza Inc. for the lease of a parking lot. The rental period is from June 1, 2014 until August 31, 2017. Landlord U-Plaza Inc. was represented by José Agrelot in this transaction. The property manager is Allied Management Group Inc., represented by Rafael Portela Rodriguez.

14. Unbeknownst to Debtor, on February 14, 2014 the Department of State of Puerto Rico notified Defendant U-Plaza, through its resident agent José Agrelot, that it had 60 days to comply with its obligation to file annual reports and pay annual dues for 2011 and 2012. **Exhibit I- Letter Notifying Cancelation of U-Plaza Inc.**

15. Unbeknownst to Debtor, on April 16, 2014 the Department of State of Puerto Rico cancelled the incorporation of U-Plaza Inc. registry number 157788. **Exhibit II – Certificate Revoking Incorporation of U-Plaza Inc.**

16. U-Plaza had been warned of its impending cancellation months prior to the signing of the April 14, 2014 Rental agreement. This cancellation occurred on April 16, 2014 due to the inaction of U-Plaza.

17. By the time the second rental agreement took place, U-Plaza had ceased to exist.

18. The representatives of U-Plaza never revealed its corporate inexistence to Debtor.

19. U-Plaza filed and eviction case against Debtor <u>U-Plaza Inc. v. William Melendez</u>, Civil No. KPE2015-0621.

20. U-Plaza appeared before the Bankruptcy Court filing Notice of Appearance (**Docket #14**) and Motion Requesting Order Under 11 U.S.C. §362(B)(10) (**Docket #18**).

21. Debtor became aware of the revocation of U-Plaza's incorporation while researching and working on the opposition to U-Plaza's Motion Requesting Order Under 11 U.S.C. §362(B)(10). **Docket #18**

22. Debtor was unaware that creditor U-Plaza had hidden its inexistence and that U-Plaza acted with unclean hands.

23. The claim filed by U-Plaza fails to comply with 11 U.S.C. §§ 501and 502, and Federal Rules of Bankruptcy Procedure 3001 and 3002.

24. U-Plaza Inc. does not exist and lacks the necessary standing to file the Motion Requesting Order Under 11 U.S.C. §362(B)(10). **Docket #18**

25. There cannot be a Commercial Lease when one of the Parties does not exist, and/or is aware of its impending cancellation.

26. The Motion Requesting Order Under 11 U.S.C. §362(B)(10) (**Docket #18**) should be dismissed as U-Plaza Inc. does not exist, is acting in bad faith, and lacks the necessary standing to appear before this court. U-Plaza fails to comply with Local Civil Rule 5(g) and with Local Bankruptcy Rule 9013-1(c).

THEREFORE, Debtor respectfully requests that Honorable Court enter an Order against U-Plaza Inc's Motion Requesting Order Under 11 U.S.C. §362(B)(10) (**Docket #18**) and continues the protective Stay, so that these matters may be sorted before the Bankruptcy Court.

## NOTICE

Within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall

serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise."

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will automatically send notification of such filing, that a copy of this document has been sent to the other parties and the Chapter 13 Trustee and by first class mail to other parties in interest as per attached to the master address list.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico on this August 7, 2015.

s/ Joselyn Ramírez  
Joselyn Ramírez, Esq.  
USDC-PR #213309  
Jramirez.juriszone@gmail.com

s/ David Owen Jimenez  
David Owen Jiménez, Esq.  
USCD-PR #301113  
dowenpr@gmail.com

Counsel for Debtor

JURIS ZONE LAW OFFICES P.S.C.  
PO BOX 191590  
San Juan PR 00919-1590  
(787) 225-5367  
juriszone@capr.org

**Exhibit I- Letter Notifying Cancelation of U-Plaza Inc.**

Commonwealth of Puerto Rico
**DEPARTMENT OF STATE**
San Juan, Puerto Rico

14-Feb-2014

JOSE AGRELOT
PO BOX 363823
SAN JUAN, PR 00936-3823

Ref. Register Number:     157788   U-PLAZA, INC.

The General Corporation Law of Puerto Rico, Act No. 164-2009, provides that, if an entity fails to comply with its annual obligation to file reports or pay annual dues, as applicable, for certain consecutive years, the Secretary of State is authorized to cancel in full its certificate of incorporation or organization, respectively.

To this date, **14-Feb-2014**, the entity **U-PLAZA, INC.** has not complied with its obligations for the following years: **2011, 2012**.

The entity shall be in compliance **within sixty (60) days** after the date of this notice. **If the entity does not correct the identified deficiencies, the Secretary of State will administratively cancel the entity without any further notification.**

The Department of State, Corporations Division, must receive the missing documentation for the years listed above or the correction of the deficiencies noted, within the specified period of sixty (60) days. Missing reports or dues must be filed or paid at the Department of State.

If you have questions regarding this notice, you may contact us by email at support@estado.gobierno.pr or by phone (787) 722-2121 ext. 4348.


*[signature]*

**FRANCISCO J. RODRIGUEZ BERNIER, ESQ**
UNDER SECRETARY OF STATE

Exhibit II - Certificate Revoking Incorporation of U-Plaza Inc.



Commonwealth of Puerto Rico
**DEPARTMENT OF STATE**
San Juan, Puerto Rico

### CERTIFICATE OF REVOCATION OF THE
### CERTIFICATE OF INCORPORATION

I, **DAVID E. BERNIER RIVERA**, Secretary of State of the Commonwealth of Puerto Rico,

**CERTIFY**: That, **"U-PLAZA, INC."**, registry number **157788**, has been cancelled in accordance to the Puerto Rico General Corporations Act, on **April 16, 2014** at **12:01 AM**.



**IN WITNESS WHEREOF**, I hereby sign this certificate, in the City of San Juan, Puerto Rico, today, **May 03, 2014**.

**DAVID E. BERNIER RIVERA**
Secretary of State